UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Amelia Paz | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 23-cv-01905-CKK |
| | ) |
| Cohen, Stanley, Leighton & Rodney, P.C. | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

**Joint Motion and Memorandum to Approve FLSA Settlement Agreement**

Plaintiff Amelia Paz ("Plaintiff") and Defendant Cohen, Stanley, Leighton & Rodney, P.C. ("Defendant"), submit this Motion and Memorandum in support of their joint request to this Court to enter an Order approving the confidential Settlement Agreement reached between Plaintiff and Defendant, fully resolving Plaintiff's claims for relief against Defendant arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the District of Columbia Payment and Collection of Wages Law, D.C. Code § 32-1301, *et seq.* ("WPCA"). Upon the Court's in camera review of the Agreement, a copy of which is attached as Ex. 1, and argument presented herein, the Parties request the Court approve the Agreement as a fair and reasonable resolution of Plaintiff's claims and dismiss this matter, with prejudice.

**Legal Standard**

"The D.C. Circuit has not opined about whether judicial approval is required of FLSA settlements reached after an FLSA suit has been filed or the related issue of whether such approval is a prerequisite for subsequent judicial enforcement of a private settlement."[1]

---

[1] *Eley v. Stadium Grp., LLC*, 236 F. Supp. 3d 59, 62 (D.D.C. 2017) (quotations omitted*); see also Davis v. Kettler Mgmt.*, 2022 WL 17146742, at *1 (D.D.C. Nov. 22, 2022).

"However, given that a court's refusal to assess proposed FLSA settlements ex ante leaves the parties in an uncertain position, courts in this district often agree to review proposed FLSA settlements when the parties jointly seek judicial approval."[2] However "the Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims."[3]

"Courts in this District have applied a two-part test when considering whether to approve an FLSA settlement."[4] First, "the Court must ensure the agreement resolves a bona fide dispute—that is, it reflects a reasonable compromise over issues that are actually in dispute."[5] Second, "the Court should confirm [that] the agreement is substantively fair."[6]  "[T]here is a strong presumption in favor of finding a settlement fair."[7]

---

[2]  *Eley*, 236 F. Supp. 3d at 62 (cleaned up).

[3]  *Id.*

[4]  *Davis*, 2022 WL 17146742, at *1; *see also Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 131-32 (D.D.C. 2014).

[5]  *Davis*, 2022 WL 17146742, at *1.

[6]  *Id.*; *see also Carrillo*, 51 F. Supp. 3d at 132.

[7]  *Davis*, 2022 WL 17146742, at *1 (quotations omitted); *see also Carrillo*, 51 F. Supp. 3d at 133 (citing cases); *Castillo v. P&R Enterprises,* Inc., 2008 WL 11492958, *1 (D.D.C. Oct. 15, 2008) (citation omitted).

**Argument**

During the relevant period of October 2022 through May 1, 2023, Defendant employed Plaintiff, a licensed lawyer, as an "Attorney" and paid her as a salaried employee, beginning at $85,000 per annum and from early February 2023 at $100,000 per year.  Plaintiff has claimed in this action that she lacked discretion suitable for an exemption under the FLSA as a learned professional.[8]  Defendant denies that was the case.  It did not pay Plaintiff overtime premium wages because it classified Plaintiff as "exempt" from the FLSA overtime compensation requirement, as it believed proper for practicing lawyers. It paid Plaintiff for all hours worked each week at her flat annual salary rate and remains steadfast in the correctness of its decision to classify her as exempt.

Plaintiff's Amended Complaint claims overtime for 94 hours in total over the six and a half months of Plaintiff's employment.  The Parties have agreed that if the Agreement were not reached and the Defendant ultimately prevailed, with a finding that Plaintiff properly was classified as exempt, she would be entitled to no recovery on her FLSA and D.C. claims.  By contrast, if the Agreement were not reached and Plaintiff were to be found non-exempt, then Defendant would be liable for her earned and unpaid premium overtime wages.  And the ultimate finding as to Plaintiff's disputed exempt status would dictate whether she would be entitled to liquidated damages under the applicable statutes.

In sum, the Parties concur that there is a good faith dispute over the overtime wage payments to Plaintiff during her employment and that Defendant has reasonable grounds for

---

[8]   29 U.S.C.A. § 213(a)(1); 29 C.F.R. § 541.304(a)(1), (d).

believing that its compensation program was not in violation of the federal and D.C. statutes. And the Parties agree that the maximum recoverable amount, applying the D.C. WPCA's provision for an amount effectively fourfold her claim for earned and unpaid overtime wages, would be $24,608.60,[9] plus prejudgment interest that would have begun running when various biweekly checks were paid to her.

The Agreement has been approved by Plaintiff following her legal and factual investigation and arms' length negotiations. She has certified that she understands the meaning and effect of executing the Agreement. Plaintiff's confidential recovery identified is a significant portion of the overtime premium wages that she could potentially recover should the Court rule that she was non-exempt and entitled to seek under the applicable statutes. But the Parties realistically recognize that protracted delay and expenditure of time and resources would necessarily be required to determine this ceiling—and that the value of that effort would dwarf the maximum recovery. Moreover, adjudicating the FLSA and D.C. wage claims is further complicated by the fact that there is an issue as to whether the Parties lack complete contemporaneous records of the hours Plaintiff claims to have worked.

---

[9] Multiplying 58 of the 94 hours during the first segment of overtime claimed, when Plaintiff earned $85,000.00 per year, at an "overtime" rate of $61.31/hr., yields $3,555.99. Multiplying the remaining 36 hours for the second segment, when Plaintiff earned $100,000.00 per year, at an "overtime" rate at of $72.12, yields $2,596.16. The total is $6,152.15. There is no multiple recovery under federal and D.C. law, because that would yield a windfall. Under the D.C. wage law, the plaintiff's maximum recovery could be $24,608.60.

Given the bona fide dispute related to Plaintiff's exempt status and the fact that the "the settlement amount falls between the plaintiff[']s[] position and the defendant[']s[] [position]," the case's outcome is objectively fair and reasonable. [10]

Additionally, the Parties seek to seal permanently the attached confidential Settlement Agreement. Courts have recognized the importance of maintaining confidentiality in settlement agreements to encourage all parties to participate freely in settlement discussions and reach an amicable settlement.[11] To facilitate this matter's resolution, Plaintiff and Defendant agreed that the Settlement Agreement should be kept confidential.[12]

---

[10] *Davis*, 2022 WL 17146742, at *2.

[11] *See, e.g.*, *Stephens v. County of Albemarle*, 422 F. Supp.2d 640, 644 (W.D. Va. 2006); *Viada v. Osaka Health Spa, Inc.*, 2006 U.S. Dist. LEXIS 84744 at *3 (S.D.N.Y. June 27, 2006) (granting parties' joint motion for placing an FLSA settlement agreement under seal because "a settlement of the parties' dispute is not possible without [sealing the agreement]").

[12] The Parties' agreement also provides for the dismissal of Plaintiff's administrative claim of discrimination pending before the D.C. Office of Human Rights.

## Conclusion

Plaintiff and Defendant negotiated at arms-length to reach a mutually agreeable compromise of Plaintiff's FLSA and WPCA claims alleged in this action. The Agreement reflects a reasonable resolution of those claims, which are subject to vigorous defenses and bona fide disputes. Hence the Court should approve the Agreement and enter an Order dismissing this matter, with prejudice. The Parties further request that the Court place their Settlement Agreement under seal.

Respectfully submitted,

/s/ Amelia T. Paz
Amelia T. Paz, No. 161124
608 Rhode Island Ave., NE
Washington, D.C. 20002
407-417-0054
FAX: 202-836-9568
Attorneymiapaz@gmail.com
*Attorney for Plaintiff (Pro Se)*

/s/ Stephen C. Leckar
Stephen C. Leckar, No. 281691
William P. McGrath, No. 422160
Kalbian Hagerty. LLP
888-17th St., NW, Suite 1200
Washington, D.C. 20006
202-223-5600
FAX: 202-293-00
sleckar@kalbianhagerty.com
wmcgrath@kalbianhagerty.com
*Attorneys for Defendant*

## Certificate of Service

I caused this Joint Motion to be filed this 24th day of April 2024, via the Court's ECF system.

/s/ Stephen C. Leckar
Stephen C. Leckar